United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In Re:                                              BCN#: 16-14264-BFK
WASEEM Q CHAUDHRY                                    Chapter: 13
Debtor

Nationstar Mortgage LLC
or present noteholder,
        Movant/Secured Creditor,

v.

WASEEM Q CHAUDHRY
        Debtor
and
Thomas P. Gorman
        Trustee
        Respondents

**<u>Consent Order Modifying Automatic Stay</u>**

This matter comes before the court on March 29, 2017, on the motion of Nationstar Mortgage LLC, for

relief from the automatic stay with respect to the real property located at 7803 Greeley Boulevard,

Springfield, VA 22152 and more particularly described as follows:

> All that certain lot or parcel of land situate in the County of Fairfax, Commonwealth of Virginia,
> and          being          more          particularly          described          as          follows:
>
> LOT TWENTY-TWO (22), BLOCK TWO (2), SECTION (1), WEST SPRINGFIELD, as the
> same appears duly dedicated, platted and recorded in Deed Book 1787 at page 127, among the
> land records of Fairfax County, Virginia.

Lindsey C. Kelly, Esquire
VSB #71314
Gregory N. Britto, Esquire
VSB #23476
Daniel Eisenhauer, Esquire
VSB #85242
R.A. Hurley, Esquire
VSB #78616
William M. Savage, Esquire
VSB #06335
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(757) 687-8777
16-261329

Upon consideration of which, it is **ordered:**

1.  The debtor will resume making regular monthly installment payments in the amount of $2,142.61 as they become due commencing on 04/01/17.

2.  The debtor will cure the post-petition arrearage currently due to the movant through 03/01/17 in the total amount of $5,354.47, which includes payments from January 1, 2017 to March 1, 2017 in the amount of $2,142.61 each, attorney fees in the amount of $850.00, filing fees in the amount of $181.00, less funds in debtor suspense in the amount of $2,104.36, by completing the following payments:

   a.      That the Debtor(s) shall place arrears of $5,354.47 into an amended plan to be filed within Thirty (30) days of entry of this order. It is further ordered and agreed that the Movant, upon receipt of the aforesaid amended plan, shall be allowed to file an amended proof of claim reflecting both the pre-petition and post-petition arrears to be paid pursuant to this consent order.  Movant shall amend its filed Proof of Claim, or file a supplemental Proof of Claim, for the post-Petition arrearages set for above, within 60 days from the entry of this Order.

3.  It is further ordered and agreed that should the Debtor fail to timely file an amended plan allowing for the pre-petition and post-petition arrears as outlined in this order, or should any proposed amended plan fail to be confirmed, or should the Debtor default for a period of thirty days in making future monthly post-petition payments, commencing with the payment due April 1, 2017, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

   a.  That the debtor is in default in making at least one payment required under this order;
   b.  The date and amount of each payment missed and any late charge or other fees necessary to cure default;
   c.  The action necessary to cure the default, including any address to which payments must be mailed;
   d.  That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i.   Cure the default
      ii.  File an objection with the court stating that no default exists; or

        iii.   File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.   That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;

    f.   That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.   The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.   Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.   The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.   Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for

issuance of a notice of default, and an additional $200.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Apr 5 2017

_____

Date

/s/ Brian F. Kenney

_____

The Honorable Judge Brian F. Kenney
United States Bankruptcy Judge

Notice of Judgment or
Order Entered on Docket  Apr 5 2017  _____

I ask for this:

/s/ Lindsey C. Kelly

_____

Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Daniel Eisenhauer, Esquire
R.A. Hurley, Esquire
William M. Savage, Esquire
Counsel for Movant

Seen & Agreed:

/s/ Khalid Mahmood with express permission

_____

Khalid Mahmood, Counsel for Debtor(s)

Seen with reservation of Right to Object to Modified Plan:

/s/ Thomas P. Gorman with express permission

_____

Thomas P. Gorman, Trustee

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the 29th day of March, 2017.

/s/ Lindsey C. Kelly

_____

Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Daniel Eisenhauer, Esquire
R.A. Hurley, Esquire
William M. Savage, Esquire

Counsel for Movant

       Copies are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

Khalid Mahmood
Law Office of Khalid Mahmood PC
3613-D Chain Bridge Road, Suite D
Fairfax, VA 22030

Thomas P. Gorman
300 N. Washington St. Ste. 400
Alexandria, VA 22314

Waseem Qaier Chaudhry
7803 Greeley Blvd.
Springfield, VA 22152

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made except to add the chapter 13 plan language.

/s/ Lindsey C. Kelly

_____

Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Daniel Eisenhauer, Esquire
R.A. Hurley, Esquire
William M. Savage, Esquire
Attorney for Movant

## CERTIFICATION

Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

/s/ Lindsey C. Kelly

_____

Lindsey C. Kelly, Esquire
Gregory N. Britto, Esquire
Daniel Eisenhauer, Esquire
R.A. Hurley, Esquire
William M. Savage, Esquire
Attorney for Movant


16-261329